UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____
:
LENNE LARUE, III,                   :
                                    :
       Petitioner,              :
                                    : Civil Action No. 3:16-CV-485
       v.                       :
                                    : (Judge Kosik)
LAUREL HARRY,                       :
                                    :
       Respondent.              :
_____ :

## MEMORANDUM

Before this Court are Lenne LaRue's Objections (Doc. 7) to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson (Doc. 6.) For the reasons which follow, the Court will adopt the R&R of the Magistrate Judge, and dismiss the petition without prejudice.

### I. BACKGROUND

LaRue, a state prisoner currently incarcerated at SCI-Camp Hill, filed a Petition for a Writ of Habeas Corpus on March 22, 2016 (Doc. 1). On April 7, 2016, the Magistrate Judge filed a R&R (Doc. 6) recommending the Petition for Writ of Habeas Corpus be dismissed, and that LaRue's motion to stay and motion to amend be denied. LaRue filed objections on April 25, 2016 (Doc. 7). The issue is ripe for disposition.

Within LaRue's petition, he provides that on January 24, 2012, he was sentenced in state court after entering into a guilty plea on criminal charges (Doc. 1, Petition, at ¶ 24.) On April 6, 2015, LaRule filed a state post-conviction petition (id. at ¶ 27), which was denied and which he is now currently appealing that denial order in state court (id. at ¶ 36). LaRue's claims contained

within his instant petition with this Court, mirror those claims he is currently litigating in state court.

The Magistrate Judge notes that LaRue's instant habeas corpus petition fails for at least three reasons: (1) he failed to exhaust his remedies available to him in state court; (2) his petition is time-barred; and (3) his petition is likely moot given his impending release form custody. Given any one of these legal obstacles, LaRue's petition is defeated and proper for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See U.S. v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

Section 2254 of Title 28 of the United States Code allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Relief cannot be granted unless all available

state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). Further, an application for a writ of habeas corpus may be denied on the merits, not withstanding the failure of the applicant to exhaust the remedies available in the courts of the State. Id. At 2254(b)(2). In other words, a petition for habeas corpus must meet exacting substantive and procedural standards in order to obtain relief. See id.

Substantively, habeas corpus relief will not be entertained unless the petitioner is in custody "in violation of the Constitution or law or treaties of the United States." Id. at 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Procedurally, a habeas corpus petition cannot be entertained unless all available state remedies have been exhausted, or there is an absence of an available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see also Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S.

346, 350 (1989).  The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement.  Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)).

For claims that were not fairly presented to the state court, but for which "further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility."  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2010).  Although futile claims are deemed exhausted for federal habeas purposes, such claims are also procedurally defaulted; federal courts are not permitted to evaluate the merits of procedurally defaulted claims unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). Finally, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

LaRue generally objects to the Magistrate Judge's recommendations, arguing he should be excused from the exacting procedures required to obtain habeas corpus relief.  Like the Magistrate Judge, we find that LaRue has failed to provide sufficient justification for his failure to exhaust his state legal remedies.  His failure to meet the exhaustion requirements effectively precludes his instant petition with this Court.

The Magistrate Judge further identifies LaRue's Petition for Habeas Corpus as being time-barred.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") creates a limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Equitable tolling is proper only when the " 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The Petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient.' " Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir.1998) (citations omitted). The statute of limitations "should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

     LaRue waited years in which to file these claims, without offering extraordinary circumstances for such delay. LaRue advances an undeveloped and unsupported argument that his mental incapacity justified his reliance upon appointed counsel and entitles him to equitable tolling. Even assuming this argument could be legally credited, LaRue has made no factual showing of mental incapacity or the duration of the same. LaRue fails to meet the exacting measures of showing extraordinary circumstances necessary to support the doctrine of equitable tolling. Moreover, LaRue has not exhausted the available state court remedies and fails to allege

any absence of such state remedies. Rather, he has chosen to file his claim in federal court without first exhausting the state court remedies.

### IV. CONCLUSION

For the reasons set forth above, we will adopt the Magistrate Judge's Report and Recommendation in its entirety and dismiss LaRue's petition without prejudice. Further, we will deny LaRue's motion to stay and motion to amend. An appropriate Order is attached.